**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 14, 2019.**



_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| Remnant Oil Company, LLC and § | Case No. 19-70106 |
| Remnant Oil Operating, LLC, § | Case No. 19-70107 |
| § | |
| Debtors. § | Chapter 11 |
| § | |
| § | (Jointly Administered under |
| § | Case No. 19-70106) |

**FINAL ORDER PURSUANT TO SECTIONS 105, 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY CODE (I) AUTHORIZING DEBTORS TO OBTAIN SECURED DEBTOR-IN-POSSESSION FINANCING, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

Upon the motion ("**Motion**") filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") in the above captioned chapter 11 cases (these "**Cases**"), requesting entry of an interim order (the "**Interim Order**") and a final order (the "**Final Order**" and together with the Interim Order, the "**DIP Orders**") under sections 105, 361, 362, 363(c), 363(e), 364(c), 364(e), and 507 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "**Bankruptcy Code**"), and Rules 2002, 4001, 6004, and 9014 of the Federal Rules

of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**"), inter alia (a) authorizing Debtors to enter into a $350,000 non-priming, secured debtor-in-possession financing facility (the "**Facility**") pursuant to and in accordance with the binding terms and conditions for secured debtor-in-possession loan attached to the Motion as Exhibit C (as amended from time to time, the "**DIP Term Sheet**")[1] with Debtors, as borrower, the Budget, and the Interim DIP Order, (b) granting to Gilmore Oil & Gas, LP ("**Lender**") security interests in and liens on the Collateral and an administrative expense claim, to the extent and as provided in the DIP Orders and the DIP Term Sheet, to secure the DIP Obligations (as defined below); (c) scheduling a final hearing (the "**Final Hearing**") to consider entry of the Final Order, and (d) granting related relief; and the Bankruptcy Court having found that the relief requested in the Motion is in the best interests of Debtors and their estates, their creditors and other parties in interest; and the Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Bankruptcy Court on August 2, 2019 (the "**Interim Hearing**") and a hearing on final approval of the Motion on August 14, 2019 (the "**Final Hearing**"); and the Bankruptcy Court entered the Interim Order on August 9, 2019 [Docket No. 71]; and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration of E. Willard Gray II dated as of July 16, 2019, the proffer of testimony of Mr. Gray at the Interim Hearing, and as articulated by counsel at the Final Hearing adequately established just cause for the relief requested in the Motion; and after good cause appearing therefor, it is

HEREBY FOUND AND CONCLUDED THAT:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the DIP Term Sheet.

A. **Commencement of the Case.** On July 16, 2019 (the "**Petition Date**"), the Debtors commenced these Cases in the United States Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors (a "**Committee**") has been appointed in these Cases.

B. **Jurisdiction and Venue.** The Bankruptcy Court has jurisdiction over the Cases, the Motion, and the parties and property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution. Venue of the Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought in the Motion and granted in this Final Order are sections 105, 361, 362, 363(c), 363(e), 364(c), 364(e), and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004 and 9014, and Local Rule 4001.

C. **Notice.** On August 6, 2019, the Debtors provided notice of the Final Hearing and of the entry of the Interim Order by electronic mail, facsimile, hand delivery, or overnight delivery to the following parties and/or its respective counsel: (1) Debtors, (2) Debtors' counsel, (3) counsel for the unsecured creditors' committee (if any), (4) the United States Trustee, (5) all secured creditors, (6) the Debtors' consolidated list of 30 largest unsecured creditors, (7) any relevant governmental authority, and (8) any party who has filed a notice of appearance (the "**Notice Parties**").

D. **The Facility.** The Facility is a secured credit facility in the amount of $350,000, which was made available to Debtors upon entry of the Interim Order (the "**Interim DIP**

Amount"), and shall be made available to Debtors on a final basis upon the entry of this Final Order (the "**Final DIP Amount**").

E. **Best Financing Available.** The Facility is the best source of debtor-in-possession financing available to the Debtors. The Debtors are unable to obtain (i) adequate unsecured credit allowable under either sections 364(b) and 503(b)(l) of the Bankruptcy Code, from sources other than the Lender on terms more favorable than the terms of the Facility or (ii) other secured financing options secured under sections 364(c)(2) or (3) from sources other than the Lender on terms as favorable to the Debtors and their estates.

F. **Terms of the Facility are Fair and Reasonable.** The Lender has indicated a willingness to provide the Facility solely on the terms and conditions set forth in this Final Order and the DIP Term Sheet, as modified on the record at the Interim Hearing. Specifically the DIP Term Sheet shall be modified such that the non-default interest rate shall be 15% and the minimum interest payment shall be $10,000. The terms of the Facility, as modified, are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and the Facility is the best available loan under the circumstances.

G. **Good Faith Negotiation.** The Debtors and Lender have negotiated the terms and conditions of the Facility in good faith, and any credit extended and any loan made to any of the Debtors pursuant to this Final Order shall be, and hereby is, deemed to have been issued in "good faith" within the meaning of section 364(e) of the Bankruptcy Code, and Lender shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event this Final Order or any provision thereof is vacated, reversed, or modified, whether on appeal or otherwise. Lender has acted in good faith regarding the Facility to fund the administration of Debtors' estates and continued operation of their business.

H. **Order of the Bankruptcy Court.** Based upon the foregoing findings, acknowledgements, and conclusions, and upon the record made before the Bankruptcy Court at the Final Hearing, and good and sufficient cause appearing therefor:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Motion Granted.** The Motion is granted on a final basis, as set forth in this Final Order. This Final Order shall immediately become effective upon its entry. To the extent that the terms of the DIP Term Sheet differ from the terms of this Final Order, this Final Order shall control.

2. **Authority to Perform Under Facility.** The Debtors are authorized to perform under the DIP Term Sheet, as modified such that the non-default interest rate shall be 15% and the minimum interest payment shall be $10,000. To the extent not specifically provided in this Final Order, the Debtors are authorized to incur and perform the obligations arising under, and to otherwise comply with, the Facility. The DIP Term Sheet constitutes a valid and binding agreement, enforceable against Debtors, in accordance with the terms thereof and shall be binding on the Debtors and the Lender.

3. **Authority to Borrow and Use of Funds.** The Debtors are hereby authorized, on a final basis, to borrow the full amount of the DIP Facility pursuant to the terms of this Final Order and the DIP Term Sheet, as modified herein, and to use the proceeds of such borrowing in accordance with the Budget attached hereto as <u>Exhibit 1</u>. The Budget shall be subject to a 10% permissible variance. The Debtors shall not use the proceeds of the DIP Facility to make any payments to principals; save and except Mr. Gray and Mr. Stitzel's respective $15,000.00/month salaries, as they're made in the ordinary course.

4. **DIP Obligations.** The obligations of the Debtors under the Facility (the "**DIP Obligations**") are (a) legal, valid, binding, and enforceable against each of the Debtors, each in accordance with its terms, (b) not subject to any recoupment, rejection, avoidance, reductions, recharacterization, set-off, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, or any other claims, causes of action, or challenges of any nature under the Bankruptcy Code, any other applicable law or regulation or otherwise, and (c) shall constitute "allowed claims" within the meaning of section 502 of the Bankruptcy Code.

5. **DIP Liens.** As security for the repayment of the DIP Obligations, pursuant to sections 364(c)(2) of the Bankruptcy Code, Lender, is hereby granted a first priority security interest and lien on all of the Debtors' right, title, and interest in those certain water licenses, L-3776 and L-2661, as further described by the New Mexico Office of the State Engineer (collectively, the "**DIP Liens**"). Other than as set forth above, the DIP Liens shall be subject and subordinate to the Carve-Out, as provided for in the DIP Term Sheet. Moreover, the DIP Liens shall not prime any other lender, including, without limitation, any liens held by FirstCapital Bank of Texas, N.A.

a. Upon entry of this Final Order, whether or not the Lender takes any action to validate, perfect, or confirm perfection, the DIP Liens shall be deemed valid, perfected, allowed, enforceable, nonavoidable, and not subject to challenge, dispute, avoidance, impairment, or subordination, at the time and as of the date of entry of this Final Order.

b. The Lender is hereby authorized, but not required, to file or record, in any jurisdiction, financing statements, mortgages, deeds of trust, notices of lien or similar instruments, or take any other action in order to validate and perfect the DIP Liens. Upon the request of the Lender, the Debtors, without any further consent of any party, are hereby

6

authorized and directed to take, execute, and deliver such instruments (in each case without representation or warranty of any kind except as set forth in the DIP Term Sheet) to enable the Lender to validate, perfect, preserve, and enforce the DIP Liens consistent with the terms of this Final Order. A certified copy of this Final Order may be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, deeds of trust, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Final Order for filing and recording.

c.  Upon satisfaction of the DIP Facility by Debtors, Lender shall cooperate with the Debtors to record such satisfaction in each and every jurisdiction where the Lender may have filed or recorded a certified copy of this Final Order, financing statements, mortgages, deeds of trust, notices of lien or similar instruments evidencing the DIP Liens.

6.  **Automatic Stay.**  Upon the occurrence of any Event of Default under the DIP Term Sheet, the Lender shall be required to provide written notice of the occurrence of an Event of Default and its intent to exercise rights under the DIP Term Sheet (such notice, the "**Default Notice**") to counsel to the Debtors, counsel to the Committee of Unsecured Creditors of the Debtors, and the U.S. Trustee. Before exercising any remedies other than as provided in the immediately foregoing sentence, the Lender shall be required to seek, on notice and motion, and obtain relief from the automatic stay imposed under Bankruptcy Code section 362.

7.  **Modification of Automatic Stay.**  The automatic stay imposed under Bankruptcy Code section 362 is hereby modified and lifted to the extent necessary to effectuate the terms of this Final Order.

8.  **Binding Effect.**  The provisions of this Final Order shall be binding upon and inure to the benefit of the Lender, the Debtors and each of the foregoing parties' respective

successors and assigns, including any trustee hereafter appointed for the estate of any Debtor, whether in these Case or in the event of the conversion of any of the Cases to a liquidation under chapter 7 of the Bankruptcy Code. Such binding effect is an integral part of this Final Order.

9. **Survival.** The provisions of this Final Order and any actions taken pursuant hereto shall survive (x) the entry of any order (a) confirming any plan of reorganization or liquidation in the Cases, (b) converting any of any of the Cases to a chapter 7 case, or (c) dismissing any of the Cases, and (y) the repayment or refinancing of the DIP Obligations.

10. **Subsequent Reversal.** If any or all of the provisions of this Final Order or the Facility are hereafter modified, vacated, amended, or stayed by subsequent order of the Bankruptcy Court or any other court: (a) such modification, vacatur, amendment, or stay shall not affect the validity of the DIP Obligations or the validity, enforceability, or priority of the DIP Liens, or other protections authorized or created by this Final Order; and (b) the DIP Obligations shall continue to be governed in all respects by the original provisions of this Final Order and the DIP Term Sheet, and the validity of any obligations, security interests, liens, or other protections described in this Paragraph shall be protected by section 364(e) of the Bankruptcy Code.

11. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Final Order, and the Facility.

# # #

**Submitted by:**
Bernard R. Given II, State Bar No. 07990180
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
Email: bgiven@loeb.com

**Agreed as to Form and Substance:**
Daren R. Brinkman, State Bar No. 03004490
9500 Ray White Road, 2nd Floor
Ft. Worth, TX 76244
Tel: 682.226.7437
Fax: 800.381.2192
Email: db@brinkmanlaw.com

4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Tel: 818.597.2992
Fax: 818.597.2998

18058101.1
233559-10002