, UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| REMNANT OIL COMPANY, LLC, and | § | Case No. 19-70106 |
| REMNANT OIL OPERATING, LLC, | § § | Case No. 19-70107 |
| Debtors. | § § | Chapter 11 |
| | § | (Jointly Administered Under Case No. 19-70106) |

## NM STATE LAND OFFICE'S RESPONSE AND LIMITED OBJECTION TO DEBTORS' MOTION FOR SALE OF THE CAPROCK ASSETS (Doc. 298)

THE STATE OF NEW MEXICO, STATE LAND OFFICE, by and through its attorney Hector H. Balderas, Attorney General of the State of New Mexico (James C. Jacobsen, Assistant Attorney General), responds to and submits its limited objection to the *Debtors' Motion for Entry of an Order (i) Authorizing the Private Sale of Debtors' Caprock Assets Pursuant to Section 363 of the Bankruptcy Code; (ii) Authorizing the Assumption and Assignment of the Related Leases and Contracts Pursuant to Section 365 of the Bankruptcy Code; and (iii) Granting Related Relief*, filed February 20, 2020 as Doc. #298 ("Motion"), stating:

1. Under the direction of the New Mexico Commissioner of Public Lands, the State Land Office manages 9 million surface acres and 13 million mineral acres across 32 New Mexico counties. The mission of the agency is to use these state trust land to raise revenue for New Mexico public schools, hospitals, colleges, and other public institutions.

2. The State Land Office is the Lessor for at least 44 of the Leases to be assigned set out in Exhibit A-Section I to the Motion, all the Water Easements set out in

Exhibit A-Section II, six of the Rights of Way set out in Exhibit A-Section III, and one of the Surface Use Agreements set out in Exhibit A-Section IV.

3. Similar to those described in the *United States' Objection to Debtors' Motion for Entry of an Order (i) Authorizing the Private Sale of Debtors' Caprock Assets Pursuant to Section 363 of the Bankruptcy Code; (ii) Authorizing the Assumption and Assignment of the Related Leases and Contracts Pursuant to Section 365 of the Bankruptcy Code and (iii) Granting Related Relief,* filed herein March 9, 2020 as Doc #327, the New Mexico statutes and implementing regulations governing the State Land Office prohibit the assignment and operation of contracts and leases without the approval of the Commissioner of Public Lands. As with the United States, prerequisites to that approval include the cure of existing contract and lease defaults, the assumption of decommissioning obligations and the provision of adequate financial assurance of performance through surety bonds or other security. New Mexico's Oil and Gas Act, NMSA 1978, §70-2-1 *et seq.* and the applicable regulations, require any entity seeking a license to operate an oil & gas-related wells do much the same, *see, Statement*, attached to the Oil Conservation Division's Proof of Claim No. 7, filed September 24, 2019 in the Remnant Oil Operating, LLC case.

4. In the same fashion as the United States, New Mexico also imposes on operators requirements for the abandonment of oil and gas wells, and for financial assurance of proper performance of those requirements, e.g. (1) timely and completely plug all wells; (2) environmentally reclaim the lease area(s); (3) restore any water or lands that are

adversely affected by the lease operations; (4) remedy all environmental problems in existence at the lease area(s); and (5) to submit a surety bond or appropriately secured personal bond in an amount deemed adequate by New Mexico to ensure compliance with the law. As with the United States, any buyer or assignee from the Debtor must assume all these obligations.

5. At present, the State Land Office is unaware of any Claim it may have against the Debtors for pre- or post-petition lease defaults, although as with the United States, the Debtors' reporting has lagged. The State Land Office reserves the right to assert a Claim if any such liabilities are subsequently discovered.

6. The Debtors have advised New Mexico that nothing they propose doing is intended to avoid or interfere with the valid requirements of the State of New Mexico. Nonetheless, the State Land Office shares the concerns of the United States regarding how any sale order might be subsequently interpreted. The State Land Office believes the clarifying language suggested by the United States in Paragraph 17 of its Objection, if modified to incorporate New Mexico's interests (and those of any other potentially affected Governmental Unit), would eliminate its concerns. Therefore, the State Land Office proposes the revision to that language set forth below (with its modifications highlighted) be added to any order approving the Debtors' Motion:

> Notwithstanding any other provision in the Motion, this Order or any implementing use, sale, or transfer documents (collectively, the "Sale Documents"), any sale, assignment and/or transfer of any interests in contracts, leases, covenants, operating rights agreements, rights-of-use and easements, and rights-of-way or other interests or agreements (a) with ~~the federal government~~ **a Governmental Unit**; (b) involving (i) ~~federal~~ **a Governmental Unit's** land or minerals; (collectively, the "~~Federal Government~~ **Leases**"), will be ineffective with respect thereto absent the consent of the ~~United States~~ **Governmental Unit**. The Debtors and the Buyer agree to comply with all applicable bankruptcy and non-bankruptcy

law with respect to the ~~Federal~~ Government Leases, and nothing in the Sale Documents shall otherwise affect any decommissioning obligations and financial assurance requirements under the ~~Federal~~ Government Leases as determined by the ~~United States~~ Governmental Unit (as provided for under applicable law and the ~~Federal~~ Government Leases) that must be met by the Debtors and/or the Buyer, as applicable. Moreover, nothing in this Order or the Sale Documents shall be interpreted to require ~~the United States~~ **a** Governmental Unit to novate, approve or otherwise consent to the assumption, sale, assignment and/or transfer of any interests in the ~~Federal~~ Government Leases.

For the avoidance of doubt, in order to obtain the consent of ~~the United States~~ Governmental Unit to the assumption, sale, assignment and/or transfer of any interests in a ~~Federal~~ Government Lease, all existing defaults under such ~~Federal~~ Government Lease, including, without limitation, any outstanding rents or royalties known and satisfactorily documented to date, plus any accrued and unpaid interest lawfully chargeable against any such underpayments of royalty interests, must be paid (i.e., assumed and/or cured, to the extent appropriate), and any reporting requirements or outstanding reports must be submitted and nothing in this Order, or the Sale Documents, shall be interpreted to set Cure Costs for the ~~Federal~~ Government Leases.

Notwithstanding any other provision herein ~~the United States~~ Governmental Units will retain, and have, the right to audit and/or perform any compliance review related to the ~~Federal~~ Government Leases and, if appropriate to collect from the Debtors or their successors and assigns (including the Buyer (s) and Reorganized Debtors, if applicable) and under applicable federal regulations any additional monies owed by the Debtors that accrued prior to the transfer or assignment of the ~~Federal~~ Government Leases without those rights being adversely affected by these bankruptcy proceedings. The Debtors, and their successors and assigns (including the Buyer (s) ) and Reorganized Debtors, if applicable)) will retain all defenses and/or rights, other than defenses and/or rights arising from the bankruptcy, to challenge any such determination: provided, however, that any such challenge, including any challenge associated with this bankruptcy proceeding, must be raised in ~~the United States'~~ **any** administrative review process leading to a final agency determination by the **Governmental Unit**~~United States Department of the Interior Office of Natural Resources Revenue~~. The audit and/or compliance review period shall remain open for the statute of limitations period applicable by law. In addition, nothing in the Assumption and/or Assignment Order, or Sale Order, or the Purchase and Sale Agreement(s) addresses or shall otherwise affect any plugging and abandonment obligations and financial assurance requirements under the ~~Federal~~ Government Lease(s), as determined by the ~~Department of the Interior of the United States~~ **appropriate governmental agency**, that

must be met by the Debtors or their successors and assigns ((including the Buyer(s)) going forward.

WHEREFORE, the New Mexico State Land Office objects to the Debtors' Motion for entry of orders authorizing and approving the Debtors' assumption and assignment of executory contracts and leases, and approving the sale of substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances, and other interests, without the language proposed above included in the Assumption and/or Assignment order, and the Sale Order, and that the Court grant it such other and further relief as the Court deems just and appropriate.

Respectfully submitted,
HECTOR H. BALDERAS,
New Mexico Attorney General
by:__/s/ Electronically Submitted____
James C. Jacobsen, NM Bar 1261
(*Admitted Pro Hac Vice*)
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM 87102
(505) 717-3527
(505) 318-1050 (fax)
jjacobsen@nmag.gov

I CERTIFY that on March 11, 2020 I electronically filed the foregoing with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case received service electronically in accordance with the CM/ECF system on the date of filing. I certify that I mailed the foregoing, first class postage pre-paid, to the following parties, at the addresses listed below: none.
/S/ James C. Jacobsen